UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-23857-CIV-MORENO

VICKI and DONALD TANNER, WILLIAM
and WHITNEY HOFFER, BETTY and MARK
AMSBAUGH, GARY and CINDY BEILBY,
PHILIP and PAULA SORENSEN, and JAMES
DOWELL,

        Plaintiffs,

vs.

BLUEGREEN VACATIONS UNLIMITED,
INC., BLUEGREEN RESORTS
MANAGEMENT, INC., BLUEGREEN
VACATIONS HOLDING CORP., and
BLUEGREEN VACATION CLUB, INC.,,

        Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

Defendant corporations headquartered in Florida sold Plaintiffs, residents of various states, timeshares in vacation properties. Plaintiffs claim Defendants engaged in a fraudulent scheme and did not provide the vacation timeshares purchased. The Complaint generally alleges diversity jurisdiction, and attaches affidavits by some, but not all the Plaintiffs. Defendants moved to dismiss alleging the Court lacks diversity jurisdiction. The Court agrees the Complaint does not establish diversity, and therefore, dismisses this case without prejudice with leave to refile an Amended Complaint. Therefore, it is

**ADJUDGED** that the motion is GRANTED for lack of diversity jurisdiction. Plaintiff may file an amended complaint consistent with this order by **September 7, 2022**. Failure to do so will result in the Court administratively closing the case.

## I. Background and Analysis

Plaintiffs purchased vacation timeshares from Defendants, Bluegreen Vacations Unlimited, Inc., Bluegreen Resorts Management, Inc., Bluegreen Vacations Holding Corp., and Bluegreen Vacation Club, Inc. (collectively referred to as "Bluegreen"). Plaintiffs contracted with Bluegreen to purchase vacation ownership interests in the form of points for use at Defendants' resorts. Plaintiffs allege that Defendants use high pressure sales tactics that are misleading and withhold information. Plaintiffs also allege that Defendants did not deliver on their promises, and Plaintiffs were unable to use their timeshares and paid hefty mortgage fees.

The Complaint is premised on the Court's diversity jurisdiction, which the Defendants challenge in the motion to dismiss. The Complaint generally alleges there is diversity jurisdiction but does not state the residence of each of the Plaintiffs, Vicki and Donald Tanner, William and Whitney Hoffer, Betty and Mark Amsbaugh, Gary and Cindy Beilby, Philip and Paula Sorensen, and James Dowell. Rather, the Complaint attaches an affidavit by the Tanners, which was notarized in West Virginia, an affidavit by the Sorensens, which was notarized in Wisconsin, an affidavit by Mark Amsbaugh, which was notarized in Florida but notes his Pennsylvania identification, and an affidavit by the Hoffers, which was notarized in Kentucky. There are no signed affidavits by Betty Amsbaugh, Gary and Cindy Beilby, or James Dowell. The Plaintiffs argue in response to the motion to dismiss that the notary stamps on the affidavits sufficiently establish the Court's jurisdiction. They do not.

The obvious- the affidavits are provided as to only 7 of the 11 Plaintiffs in this case. The affidavits do not state the affiant's state of residence, which is needed to establish diversity jurisdiction. A notary stamp does not, in and of itself, establish the affiant's residence. Even if the notary stamp was sufficient, Mark Amsbaugh's affidavit was notarized in Florida, which is where the Defendants are headquartered. Therefore, if Mark Amsbaugh is indeed a Florida

resident, that fact would defeat complete diversity. *Holston Investments, B.V.I. v. LanLogistics, Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) ("To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant."). Given the Plaintiffs' failure to allege their states of residency, the Court grants the motion to dismiss with leave to amend the Complaint.

The Court cautions Plaintiffs that an Amended Complaint must plead fraud in conformity with the heightened pleading standard of Federal Rule of Civil Procedure 9(b). The Eleventh Circuit has noted that the "particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged[.]'" *Ziemba v. Cascade Int'l. Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations omitted). Under Rule 9(b), a plaintiff must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."*Id.* Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to the "defendants." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (finding plaintiffs' RICO claim falls short of standard where plaintiffs simply "lumped together" all of the defendants in their allegations of fraud). In cases involving multiple defendants, as is the case here, the Complaint should inform each defendant of the specific fraudulent act giving rise to liability. *Id.*

DONE AND ORDERED in Chambers at Miami, Florida, this 25th of August 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record